**Enoch DICKINSON, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

**No. 80–5700.**

United States Court of Appeals, Fifth Circuit.

Unit B

Sept. 11, 1980.

Enoch Dickinson, Jr., pro se.

Jim Smith, Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for respondent-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Enoch Dickinson, a Florida state prisoner, filed a petition for habeas corpus in the district court challenging his convictions for burglary as an habitual offender. 28 U.S. C.A. § 2254. Below Dickinson's signature on the petition appeared what purported to be the signature of the officer before whom the petition was sworn and subscribed. Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, requires that the petition "shall be signed and sworn to by the petitioner." Because there was no indication that "the officer administering the oath is a notary public or otherwise authorized to administer oaths," the district court dismissed the petition without prejudice. Apparently dismissal was deemed appropriate rather than return of the petition for correction as may be done under subsection (e) of Rule 2. Since the district court denied petitioner's motion for a certificate of probable cause for appeal, petitioner now seeks such a certificate from this Court.

■ An examination of the petition reveals that it should not have been dismissed. The form petition which Dickinson filed contained the following printed statement above his dated signature: "I declare that under penalty of perjury that the foregoing is true and correct." Apparently no one called to the attention of either the magistrate or the district court that an oath is not required when the petitioner declares under penalty of perjury that the matter contained therein is true. Section 1746 of Title 28, 28 U.S.C.A. § 1746, provides that:

*Wherever,* under any law of the United States or *under any rule,* regulation, order, or requirement made pursuant to law, *any matter is required* or permitted *to be* supported, evidenced, established, or *proved by* the sworn declaration, verification, certificate, statement, *oath,* or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), *such matter may,* with like force and effect, *be* supported, evidenced, established, or *proved by the unsworn declaration,* certificate, verification, or statement, *in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form*:

. . . "*I declare* (or certify, verify, or state) *under penalty of perjury that the foregoing is true and correct.* Executed on (date).

(Signature)".

(emphasis added). Since Dickinson's unsworn application for habeas corpus con-

tains the precise words of this statute just above his signature, it is sufficient even though the certificate of oath may be defective.

■ One who subscribes to a false statement under penalty of perjury pursuant to section 1746 may be charged with perjury under 18 U.S.C.A. § 1621, just as if the statement were made under oath. Thus, the demands of the statutory requirement are met.

The petition for a certificate of probable cause and for leave to appeal in forma pauperis is GRANTED. It is ORDERED that the appeal be docketed. The decision of the district court is VACATED insofar as it strikes the petition and dismisses the cause, and the case is remanded for further proceedings.

Summary disposition of this case is appropriate. *See Browne v. Estelle*, 544 F.2d 1244, 1244–45 (5th Cir. 1977); *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1161–63 (5th Cir.), *cert. denied*, 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969).

VACATED AND REMANDED.