IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20649
Summary Calendar
_____

WESLEY CAREY, JR.,

                                        Plaintiff-Appellant,

versus

NORMAN W. BLACK, Chief Judge; DAVID G. HALPERN,
Assistant Attorney General; MINERVA CASTRO,
Deputy Clerk; PATRICK E. HIGGINBOTHAM, U.S.
Circuit Judge; JOHN M. DUHÉ, JR., U.S. Circuit
Judge; DWAINE M. MASSEY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-679
- - - - - - - - - -
April 4, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Texas prisoner Wesley Carey, Jr., #601696, seeks leave to

proceed *in forma pauperis* (IFP) to appeal the dismissal of his

civil rights action as frivolous.  Carey's motion for leave to

proceed IFP is GRANTED.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Because no further briefing is needed to determine Carey's appeal, we proceed to consider the merits of the appeal. *Dickinson v. Wainwright*, 626 F.2d 1184, 1186 (5th Cir. 1980). Carey contends that the district court erred by failing to hold a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985), on his complaint; that the judicial defendants are not immune from his claims for damages and injunctive relief; and that his conspiracy contention against the defendants is meritorious.

The judicial defendants in Carey's case are absolutely immune from damages for the actions forming the basis of Carey's complaint. *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). The judicial defendants are not immune from injunctive relief. *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir.), *cert. denied*, 474 U.S. 1037 (1985). The conspiracy allegations in Carey's complaint are conclusional and do not indicate any constitutional violations independent from his conspiracy claim. The district court did not abuse its discretion by dismissing Carey's complaint as frivolous. Moreover, Carey's appeal is frivolous and therefore is dismissed as frivolous.

After payment of an initial partial filing fee of $2.53, Carey shall make monthly payments of twenty percent of the preceding month's income credited to his account. *See* 28 U.S.C. § 1915(b). The agency having custody of Carey is directed to forward payments from his prisoner account to the clerk of the

district court each time the amount in his account exceeds $10 until the filing fee is paid. *Id.*

This appeal is the third action or appeal brought by Carey while in prison that has been dismissed as frivolous. Carey may pursue no further civil actions or appeals *in forma pauperis* while in prison unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTIONS IMPOSED.