IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50992
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD JAMES BELL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CA-321 (W-95-CR-109-5)
- - - - - - - - - -
August 10, 1998

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:*

Howard James Bell moves this court for a certificate of appealability (COA) to appeal the district court's summary denial of his 28 U.S.C. § 2255 motion.

We GRANT a COA on Bell's ineffective-assistance-of-counsel, breached-plea-agreement, and invalid-plea-agreement claims. See 28 U.S.C. § 2253(c)(2). Bell has shown that the district court erred in summarily dismissing these claims as precluded by the plea-agreement waiver of Bell's right to challenge his sentence

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

in a § 2255 proceeding.  The waiver either excludes or does not reach these claims.  Briefing by the Government is not necessary at this time.  See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980).  We VACATE AND REMAND these claims to the district court for further proceedings.  See Clark v. Williams, 693 F.2d 381, 382 (5th Cir. 1982).

IT IS FURTHER ORDERED that COA is DENIED on Bell's claim that the district court erred in determining the amount of drugs attributable to Bell.  To the extent that this claim is independent of Bell's claim that counsel was ineffective for failing to object to this alleged error by the district court, it is a challenge to Bell's sentence and is not excluded from the waiver in the plea agreement.

Bell's motion for recusal of the district court on remand is DENIED.

COA GRANTED in part; VACATED AND REMANDED in part; COA DENIED in part; Motion for recusal on remand DENIED.