IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60279
USDC No. 1:96-CV-159-GG
_____

RONALD ESTELLE,

                                        Petitioner-Appellant,

versus

JAMES V. ANDERSON, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY,

                                        Respondent-Appellee.

----------------------
Appeal from the United States District Court
for the Southern District of Mississippi
----------------------

July 13, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Ronald Estelle, Mississippi prisoner # 44851, requests a certificate of probable cause (CPC) to appeal the district court's denial of his 28 U.S.C. § 2254 petition. Estelle argues that (1) the trial court erred in not considering Eighth Amendment proportionality at sentencing; (2) he was denied representation of counsel at sentencing despite his failure to waive the right; and (3) the district court erred in determining that the documents to support a habitual-offender finding were insufficient.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Estelle has shown that the trial court believed it did not have discretion in sentencing and has indicated that discretion did exist.  However, the district court did not consider this issue in its review.  Therefore, CPC is GRANTED and the denial of habeas relief is VACATED AND REMANDED as to that issue only.  See Dickinson v. Wainwright, 626 F.2d 1184, 1185 (5th Cir. Unit B 1980)(authorizing grant of CPC, reversal and remand at the same time).

A grant of CPC raises all underlying issues for appellate review.  However, Estelle has not made a showing that the district court erred in adopting the findings of the state court regarding the sufficiency of the habitual-offender evidence or that he was prejudiced by his representation at sentencing. Therefore, the district court's decision as to these issues is AFFIRMED.  Other issues considered by the district court, such as the ineffective assistance of counsel at trial, ineffective assistance of appellate counsel, and the state procedural bar prohibiting review of his defective-indictment claim, are not raised in his CPC motion and are considered abandoned.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1995).

CPC GRANTED; AFFIRMED IN PART, VACATED AND REMANDED IN PART.