IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20751
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RODERICK ANTHONY RICE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-99-CV-1297, H-96-CR-27-1
--------------------
December 27, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Roderick Rice (federal prisoner #70997-079) has applied for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion under Rule 4(b) of the Rules Governing § 2255 Proceedings.  In his § 2255 motion, Rice alleged, among other things, that his guilty plea was involuntary.  He also filed a motion requesting leave to amend his § 2255 motion within 90 days.  Because Rice's guilty-plea hearing had not yet been transcribed, it was not plain from the face of his § 2255 motion and the record that he was "not entitled to relief in the district court."  See Rule 4(b) of the

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rules Governing Section 2255 Proceedings.  Moreover, because the Government had not yet filed a responsive pleading in the case, Rice was entitled to amend his § 2255 motion "once as a matter of course."  See Fed. R. Civ. P. 15(a).

Rice has made a credible showing that the district court erred in summarily dismissing his § 2255 motion under Rule 4(b) without first affording him an opportunity to amend.  See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997); see also Pena v. United States, 157 F.3d 984, 987 & n.3 (5th Cir. 1998)(stating that a district court generally errs is dismissing or denying a pro se party's pleadings without affording the party an opportunity to amend).  Accordingly, we GRANT Rice's COA application, VACATE the district court's order of dismissal, and REMAND the case to the district court for further proceedings consistent with this opinion.  See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. Unit B 1980).

COA GRANTED; VACATED AND REMANDED.