IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60921
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO TARVER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(99-CV-47-B, 98-CR-65-ALL)
--------------------
April 10, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lorenzo Tarver (federal prisoner #10885-042) has applied for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Tarver has also filed a request for leave to appeal in forma pauperis (IFP), which we hereby grant.

Tarver argues that his trial attorney was ineffective because, without Tarver's knowledge or consent, counsel failed to file a notice of appeal, thereby forfeiting Tarver's direct criminal appeal. The district court rejected this claim and denied § 2255

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief without ordering a response from the government. The district court presumably denied § 2255 relief under Rule 4(b) of the Rules Governing § 2255 Proceedings. Under that rule, a district court may dismiss a § 2255 motion summarily, without ordering the government to respond, if it plainly appears from the motion and the record that the movant is entitled no relief in the district court. See Rule 4(b) of the Rules Governing § 2255 Proceedings.

If Tarver asked his attorney to file a notice of appeal and his attorney failed to do so, his attorney would have acted in a manner that was professionally unreasonable. See Roe v. Flores-Ortega, No. 98-1441, 2000 WL 201148, at *5 (U.S. Feb. 23, 2000). If, on the other hand, Tarver specifically told his attorney not to file an appeal, he cannot now complain that, by following his client's instructions, the attorney performed deficiently. See id. In his § 2255 motion, Tarver did not explicitly state either that he did instruct his attorney to file a notice of appeal or that he had specifically instructed his attorney not to do so. He merely stated that his attorney failed to file a notice of appeal on his behalf. Thus, it is not clear from the face of Tarver's § 2255 motion or the record whether he was —— or was not —— entitled to relief in the district court. See Rule 4(b) of the Rules Governing § 2255 Proceedings; see also Roe, 2000 WL 201148, at *5-*11 (holding that an attorney may be ineffective for failing to file notice of appeal even though defendant has not clearly conveyed appellate wishes one way or the

other).[2] Under these circumstances, an answer from the government is required.  <u>See</u> Rule 4(b) of the Rules Governing § 2255 Proceedings.  Accordingly, we grant Tarver a COA on this issue, vacate the district court's denial of § 2255 relief, and remand the case to the district court for further proceedings consistent with this opinion.[3]  <u>See</u> <u>Dickinson v. Wainwright</u>, 626 F.2d 1184, 1186 (5th Cir. Unit B 1980).

IFP GRANTED; COA GRANTED, VACATED, AND REMANDED.

---

[2]  The Supreme Court decided <u>Roe</u> on February 23, 2000, approximately two months after the district court denied Tarver's § 2255 motion.  Thus, the district court did not have the benefit of <u>Roe</u> when it ruled on Tarver's motion.

[3]  Tarver raises two additional claims in his COA request: (1) that the district court erred in concluding that he did not satisfy the fourth and fifth requirements of the safety-valve provision and (2) that his attorney was ineffective for failing to advise him that he needed to provide authorities with additional information to satisfy the fifth requirement of the safety-valve provision.  In light of our disposition on Tarver's first issue, we pretermit ruling on Tarver's two remaining issues.  <u>See</u> <u>Mack v. Smith</u>, 659 F.2d 23, 26 (Former 5th Cir. Unit A Oct. 1981)(pretermitting consideration of claims on appeal when § 2255 movant was potentially eligible for out-of-time appeal on remand).