IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30858
Summary Calendar
_____


FLOYD J. MOORE, SR.,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-921
- - - - - - - - - -
June 28, 2000
Before HIGGINBOTHAM, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Floyd J. Moore, Sr., Louisiana prisoner # 127762, seeks a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2254 petition as untimely. This court issues a COA only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the district court has dismissed a § 2254 petition on a procedural ground without reaching the prisoner's underlying constitutional claims, a COA may not issue unless the prisoner shows both (1) "that jurists of reason would find it debatable

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the petition states a valid claim of the denial of a constitutional right" and (2) that jurists of reason would find it debatable whether the district court's procedural holding was correct. Slack v. McDaniel, 120 S. Ct. 1595, 1600-01 (2000). An appeal may not proceed unless the prisoner satisfies both requirements. Id.

The relevant inquiry in Moore's case concerns the dates during which his second habeas petition was pending since it is now considered properly filed in light of Smith v. Ward, 209 F.3d 383 (5th Cir. 2000), whether or not the petition was addressed on the merits in the state courts. A COA is therefore GRANTED, the district court's judgment of dismissal is VACATED, and the case is REMANDED to the district court for the factual determination of the dates during which Moore's second state habeas application was pending. See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. Unit B 1980) (granting a certificate of probable cause and remanding case to district court for factual findings). The district court should then reevaluate, in light of Smith, whether the pendency of Moore's second and third state habeas applications tolled the § 2244(d) limitations period long enough to deem his May 15, 1998, § 2254 petition timely filed. The motion for appointment of counsel is DENIED.

COA GRANTED; VACATED AND REMANDED; MOTION DENIED.