IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 99-31278
(Summary Calendar)

———————————

EDWARD LAMBAS,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-1791-C)
--------------------
July 25, 2000

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Edward Lambas, Louisiana prisoner # 127561, seeks a certificate of appealability (COA) to appeal the dismissal of his habeas corpus application as time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. The district court determined that Lambas's state application for post-conviction relief, which was filed in July 1996 and dismissed as untimely pursuant to Louisiana Code of Criminal Procedure article 930.8, was not "properly filed" as that term is used in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2244(d)(2), and thus, failed to toll the limitations period. The district court also determined that the state application for post-conviction relief which Lambas asserted that he filed in May 1995 was not filed timely pursuant to article 930.8 and thus was not "properly filed" and did not toll the § 2244(d) limitations period.

Subsequent to the district court's dismissal of Lambas's § 2254 petition, we held that a state post-conviction application, dismissed as untimely under article 930.8, was nevertheless "properly filed" for purposes of the tolling provision of § 2244(d)(2). Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000). See also Villegas v. Johnson, 184 F.3d 467, 469-70 (5th Cir. 1999). In light of Smith, we must hold that the district court erred in finding that Lambas's July 1996 post-conviction application, dismissed as time-barred, was not properly filed and in holding that the pendency of that application did not toll the reasonableness period. Thus, Lambas has established that district court erred as a matter of law by dismissing his petition as untimely on this basis. See Slack v. McDaniel, ___ U.S. ___, 120 S. Ct. 1595, 1604 (April 26, 2000). The court also erred in finding that the application which Lambas asserted he filed in May 1995 was not "properly filed" because it was untimely under state law; however, there is no evidence in the record that this application was ever filed.

A COA is therefore granted, the district court's judgment of dismissal is vacated, and the case is remanded to the district court for determination whether the mandamus application was a

2

continuation of the post-conviction proceeding and for factual determination of the dates during which Lambas's state post-conviction application was pending. The district court should then reevaluate, in light of <u>Smith</u>, whether the pendency of Lambas's state post-conviction application tolled the § 2244(d) limitations period long enough for his June 8, 1998, § 2254 petition to be deemed timely filed. <u>See</u> <u>Whitehead v. Johnson</u>, 157 F.3d 384, 388 (5th Cir. 1998)(granting COA, vacating district court dismissal of case for failure to exhaust state remedies, and remanding without briefing); <u>Dickinson v. Wainwright</u>, 626 F.2d 1184, 1186 (5th Cir. Unit B 1980) (granting a certificate of probable cause and remanding case to district court for factual findings).

COA GRANTED; JUDGMENT VACATED; CASE REMANDED WITH INSTRUCTIONS.