**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-40425
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO HERRERA,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CV-424
USDC No. C-00-CR-65-1
-------------------------------------------------------------
August 26, 2002

Before JONES,* STEWART and DENNIS, Circuit Judges.

PER CURIAM:**

    Ernesto Herrera ("Herrera"), federal inmate #89698-079, moves this court for a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. Herrera argues, <u>inter alia</u>, that his trial attorney failed to

file a direct appeal, despite his request that counsel do so.

---

    *      JONES, Circuit Judge, dissents.

    **     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A COA motion may be granted only if the movant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). If counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would have merit because he reasonably relied on counsel to file the necessary notice. Id.

The district court, without conducting an evidentiary hearing, rejected Herrera's contention that he instructed his counsel to file an appeal because the district court concluded that Herrera failed to provide specific and detailed allegations regarding his request for an appeal. Herrera's trial attorney filed an affidavit which stated that Herrera never requested an appeal. The record does not conclusively show that Herrera did not request an appeal. See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

Herrera has stated a facially valid claim of the denial of a constitutional right regarding his contention that his counsel was ineffective for failing to file a direct appeal. Accordingly, we GRANT Herrera a COA on this issue, VACATE the district court's denial of § 2255 relief, and REMAND to the district court for an evidentiary hearing regarding this issue., See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980). In light of our disposition on this issue, we pretermit ruling on any remaining issues. See Mack v. Smith, 659 F.2d 23, 26 (Former 5th Cir. Unit A Oct. 1981).

COA GRANTED; VACATED AND REMANDED.