**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 15, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30209
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD W. NOBLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(Nos. 02-CV-1273
00-CR-376-1)
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bernard W. Noble, federal prisoner #19620-034, moves this court for a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or his correct sentence. Noble argues, <u>inter alia</u>, that his trial attorney failed to file a direct appeal, despite his request that counsel do so.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A COA motion may be granted only if the movant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). If counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would have merit because he reasonably relied on counsel to file the necessary notice. Id.

The district court, without conducting an evidentiary hearing, rejected Noble's contention that he instructed his counsel to file an appeal because the district court concluded that Noble failed to show that he conveyed his intent to appeal to counsel. However, Noble, in his affidavit, specifically stated that on the day he was sentenced, he requested that counsel file an appeal. Noble's trial attorney, on the other hand, stated in her affidavit that Noble never indicated that he was interested in appealing.

"[C]ontested fact issues [in a 28 U.S.C. § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." United States v. Hughes, 635 F.2d 449, 451 (5th Cir. Unit B 1981). The

record does not conclusively show that Noble did not request an appeal.  See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

Noble has stated a facially valid claim of the denial of a constitutional right regarding his contention that his counsel was ineffective for failing to file a direct appeal.  Accordingly, we GRANT Noble a COA on this issue, VACATE the district court's denial of 28 U.S.C. § 2255 relief, and REMAND to the district court for an evidentiary hearing regarding this issue.  See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980).  In light of our disposition on this issue, we pretermit ruling on any remaining issues.  See Mack v. Smith, 659 F.2d 23, 26 (Former 5th Cir. Unit A Oct. 1981).  Noble's motion to proceed in forma pauperis (IFP) on appeal is GRANTED.

COA GRANTED; VACATED AND REMANDED; IFP GRANTED.