United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11051
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER WAYNE MCMILLEN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:02-CV-2078-G
3:01-CR-139-ALL-G
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Walter Wayne McMillen ("McMillen"), federal prisoner #26819-177, moves this court for a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Construing his motion liberally, McMillen argues that the waiver in his plea agreement did not bar his 28 U.S.C. § 2255 motion and that the district court should have held an evidentiary hearing on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims that he would not have pleaded guilty but for his counsel's ineffectiveness and that his counsel was ineffective for failing to file a notice of appeal. McMillen's further argument that the district court erred by failing to consider the combined affect of his ineffective assistance of counsel claims is refuted by the record. McMillen additionally states that all of the claims he raised in the district court were meritorious, but because he does not explain why his remaining claims were meritorious, he has failed to adequately brief these claims and they are deemed waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

To obtain a COA, McMillen must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As McMillen's 28 U.S.C. § 2255 motion was denied both on procedural grounds and on its merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The claims that McMillen raises in this court are ineffective assistance of counsel claims. Although some ineffective assistance of counsel claims may be waived, see United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002), in this case the waiver specifically excepted ineffective assistance

of counsel claims.  Accordingly, McMillen's waiver did not bar these claims and McMillen has shown that the district court's procedural ruling was debatable or wrong.  See Slack, 529 U.S. at 484.

The district court denied McMillen's relevant ineffective assistance of counsel claims without conducting an evidentiary hearing because the affidavit of McMillen's counsel contradicted McMillen's allegations, because it found that no evidence supported McMillen's claim that he had a viable public authority defense, and because it found that any appeal McMillen could have filed would have been meritless.  McMillen's affidavit, however, set forth facts that, if true, showed that his counsel failed to file a notice of appeal after McMillen requested that he do so, that his counsel lied to him during plea negotiations, that he was working as a confidential informant at the time of his arrest, and that he asked his counsel to investigate and present a public authority defense but that his counsel refused to do so.

A district court may deny a 28 U.S.C. § 2255 motion without holding an evidentiary hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  We review a district court's denial of a 28 U.S.C. § 2255 motion without holding an evidentiary hearing for an abuse of discretion.  United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).  "[C]ontested fact issues [in a 28

U.S.C. § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." United States v. Hughes, 635 F.2d 449, 451 (5th Cir. Unit B 1981).

The record does not conclusively show that McMillen is not entitled to relief on his ineffective assistance of counsel claims. See Hughes, 635 F.2d at 451. McMillen presented facially valid claims that he would not have pleaded guilty but for his counsel's ineffectiveness and that his counsel was ineffective for failing to file a notice of appeal. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 688-92 (1984); Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). The district court's finding that any direct appeal filed by McMillen would have been without merit does not change this analysis because the failure to file a notice of appeal upon request is ineffective assistance of counsel without a showing that the appeal would have merit. See Flores-Ortega, 528 U.S. at 477. Accordingly, we GRANT McMillen a COA on his claims that he would not have pleaded guilty but for his counsel's ineffectiveness and that his counsel was ineffective for failing to file a notice of appeal, VACATE the district court's denial of 28 U.S.C. § 2255 relief, and REMAND to the district court for an evidentiary hearing regarding these issues. See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980). COA is DENIED on any remaining issues.

COA GRANTED IN PART, DENIED IN PART; VACATED AND REMANDED.