United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60156
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBY L. MCBRAYER, also known as Ruby Posey McBrayer, also
known as Ruby L. Posey,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC Nos. 3:03-CV-1165
3:00-CR-171-2-BS
--------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Ruby L. McBrayer, federal prisoner # 05985-043, moves in
this court for a certificate of appealability ("COA") to appeal
the district court's denial of her 28 U.S.C. § 2255 motion to
vacate, set aside, or correct her sentence. McBrayer argues, in
pertinent part, that her trial attorneys were ineffective for
failing to timely disclose and designate accountant Jan Miller as
an expert witness. She argues that, as a result, she was

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prejudiced because the trial court excluded the testimony of Miller, whose testimony in state court resulted in a directed verdict in McBrayer's favor, and whose testimony in federal court would have led to a different result. McBrayer argues that the district court's failure to hold an evidentiary hearing on this issue was error.

A COA motion may be granted only if the movant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The district court, without conducting an evidentiary hearing, found that the attorneys' failure to timely designate Miller as an expert was McBrayer's fault because she did not timely provide to Miller the documents necessary to prepare her report. The court focused on McBrayer's statement that she had some difficulty obtaining those documents. The court thus concluded that McBrayer's attorneys were not negligent in failing to timely designate Miller as an expert witness.

"[C]ontested fact issues [in a 28 U.S.C. § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." United States v. Hughes, 635 F.2d 449, 451 (5th Cir. Unit B 1981). The record does not conclusively show that McBrayer is

entitled to no relief.  See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The affidavits presented by McBrayer, those presented by her attorneys, and the record as a whole show that there are contested facts regarding whether McBrayer timely provided the necessary information to Miller, and despite any delays by McBrayer, whether the attorneys received Miller's report and supporting documents in time to comply with the trial court's discovery order.

McBrayer has stated a facially valid claim of the denial of a constitutional right regarding her contention that her attorneys were ineffective for failing to timely disclose and designate accountant Jan Miller as an expert witness.  See Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, we GRANT McBrayer a COA on this issue, VACATE the district court's denial of 28 U.S.C. § 2255 relief, and REMAND to the district court for an evidentiary hearing regarding this issue.  See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980). This order is in no way intended to express any intimation as to the ultimate outcome of this issue.

McBrayer does not argue, and thus has waived, her claims raised in the district court that these attorneys were ineffective because there was a conflict of interest in their representing both her and her husband and because they failed to designate Kenneth Parker as an expert witness and to prepare

adequately for trial.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

COA GRANTED; VACATED AND REMANDED.