United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30607
USDC No. 3:03-CV-02284

HUBERT D. WALKER,

Petitioner-Appellant,

versus

WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

Hubert D. Walker ("Walker"), Louisiana prisoner # 419324, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Walker filed the petition to challenge his life sentence for second degree murder. Walker argues that his petition is not time-barred because he complied with all of Louisiana's procedural requirements regarding the filing of his state habeas pleadings.

To obtain a COA, Walker must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When a district

O R D E R
No. 04-30607
-2-

court denies a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

Walker has shown that jurists of reason would debate the correctness of the district court's determination that he failed to comply with Louisiana's procedural requirements regarding the filing of his state habeas pleadings, specifically the filing of his writ application to the Louisiana Supreme Court.  See Villegas v. Johnson, 184 F.3d 467, 469-70 & n.2 (5th Cir. 1999); State ex rel. Johnson v. Whitley, 648 So. 2d 909 (La. 1995); Louisiana Supreme Court Rule X, § 5(a); LA. CODE CRIM. PROC. ANN. art. 13 (2002); LA. REV. STAT. ANN. 1:55 (2002).  Based on the materials of record, it is impossible to determine whether reasonable jurists would debate whether the claims raised by Walker in his 28 U.S.C. § 2254 petition are valid claims of a constitutional deprivation.  Accordingly, IT IS ORDERED that a COA be GRANTED as to whether Walker's 28 U.S.C. § 2254 petition was timely filed under the Antiterrorism and Effective Death Penalty Act.  See Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).  We VACATE the district court's denial of 28 U.S.C. § 2254 relief and REMAND to the district court for further

proceedings.  See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980).

COA GRANTED; VACATED AND REMANDED.