United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10545
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL RAY HECKLER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CR-81-1-C
USDC No. 1:03-CV-155-C
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel Ray Heckler appeals the denial of his 28 U.S.C.
§ 2255 motion in which he challenged his conviction and sentence
after pleading guilty to conspiracy to commit odometer fraud and
interstate transportation of fraudulent securities.  A
certificate of appealability was granted on the issue whether
Heckler's counsel was ineffective for failing to file a notice of
appeal.  Heckler argues that he should be granted an out-of-time

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal because he expressly asked counsel to file a notice of appeal and counsel failed to do so.

To demonstrate ineffective assistance of counsel based on a claim that counsel failed to file a notice of appeal, a defendant must show that the failure to file fell below an objective standard of reasonableness and that it prejudiced the defendant. See Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). Failing to file a notice when requested to do so can constitute deficient performance. Id. at 477-78. As to prejudice, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. Id. at 486. Rather, he must demonstrate only that there is a reasonable probability that, but for counsel's failure, he would have appealed. Id.

The record establishes that Heckler lost his right to appeal because his notice of appeal was untimely. Heckler's pro se notice of appeal demonstrates that he wanted to appeal. The affidavit that Heckler filed to counter the Government's motion to dismiss his direct appeal does not address whether he expressly told counsel that he wished to appeal. In the affidavit that Heckler submitted with the instant motion, he attested under penalty of perjury that after he received his sentence he immediately told counsel that he wanted to appeal. Contrary to the Government's argument, Heckler's two affidavits are not contradictory inasmuch as he could have told counsel of his desire to appeal and, after not being able to contact

counsel, could have also attempted to file his own notice of appeal via his codefendant.

A district court may deny a § 2255 motion without conducting a hearing only "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record does not conclusively show that Heckler is entitled to no relief on this claim. Contested factual issues may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981). Given that the Government contests Heckler's claim, the denial of Heckler's 28 U.S.C. § 2255 motion is vacated and the case is remanded for an evidentiary hearing on Heckler's claim that he instructed counsel to file a notice of appeal.

VACATED and REMANDED.