United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10224
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES RAY RYAN, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(1:05-CV-15)
(1:04-CR-22)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant James Ray Ryan, federal prisoner #
32861-177, moves this court for a certificate of appealability
(COA) following the district court's denial of his 28 U.S.C. § 2255
motion. In his motion, Ryan challenged the validity of his guilty
plea to being a felon in possession of a firearm in violation of 18
U.S.C. § 922(g). Ryan also asserted that his counsel was
ineffective for failing to file a notice of appeal, although he
specifically requested that counsel do so.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A COA may issue only if Ryan makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. at 327.

With respect to his challenge to the validity of his guilty plea, Ryan has failed to meet the standard required for the issuance of a COA. Accordingly, Ryan's motion for a COA is DENIED as to this issue. Ryan has, however, made a substantial showing of the denial of a constitutional right with respect to his claim that counsel was ineffective in failing to file a notice of appeal on his behalf. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 483 (2000). Because he alleges that he specifically requested that counsel file a notice of appeal, Ryan was not required to demonstrate that he would have presented merit worthy issues on appeal. See id. at 485. Further, Ryan's § 2255 motion was made under penalty of perjury and was competent evidence supporting his claim. 28 U.S.C. § 1746; see Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003). Because Ryan's § 2255 motion and the files

2

and records of this case do not conclusively show that he is entitled to no relief, an evidentiary hearing was required. <u>See</u> <u>United States v. Hughes</u>, 635 F.2d 449, 451 (5th Cir. 1981). Accordingly, it is ORDERED that Ryan's motion for a COA is GRANTED solely on the ineffective-assistance-of-counsel issue. The judgment is VACATED and the case REMANDED for further development in the district court.