# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2007

Charles R. Fulbruge III
Clerk

No. 05-50086

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARSHALL VINCENT JOLLEY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

USDC No. SA-03-CA-0395

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marshall Vincent Jolley appeals from the district court's denial of his Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. Jolley alleged, inter alia, ineffective assistance by his trial counsel. We granted a limited certificate of appealability. We vacate the judgment and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Jolley alleged in his § 2255 motion that his counsel's assistance was ineffective for failing to seek or obtain a plea bargain actively, advise Jolley properly of the maximum sentence he could receive, and explain correctly the Sentencing Guidelines system to him. Jolley argued that these errors caused him to receive a longer sentence than he might otherwise have received.

After reviewing the full paper record, the district court determined that an evidentiary hearing was not necessary to dispose of Jolley's motion. In addition to the court records, Jolley's § 2255 motion, and the government's response, the district court had sworn declarations from Jolley and an affidavit from Jolley's trial counsel, Byron Barnett. It appears the government's response contained "recollections" of the prosecutor who handled the initial prosecution.

The district court denied Jolley's motion. The court accepted Barnett's and the government's claims that Jolley did not want to plead guilty before trial. The court further found that Jolley's claim that Barnett told him that the maximum sentence he faced was not more than nine years was "unbelievable." The court concluded that the record demonstrated that Barnett was familiar with, and knowledgeable about, the Sentencing Guidelines.

II

To prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant.[1]

---

[1] Strickland v. Washington , 466 U.S. 668, 689-94 (1984).

"This Court 'review[s] a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel de novo.'"[2]

The district court need not hold an evidentiary hearing when considering a § 2255 motion where "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."[3] However, we have cautioned that "contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record."[4] It is a warning that this court has had to make repeatedly in the recent past.[5]

This is a case of dueling affidavits. Jolley asserts in his declarations that his counsel failed to seek a plea agreement before trial; that his counsel incorrectly informed him that he only faced six to nine years of imprisonment if convicted; and that his counsel erred in explaining how the Sentencing Guidelines might operate in his case. Barnett, in contrast, says that he inquired about a plea agreement but Jolley refused to consider a plea agreement, and that he correctly explained, and Jolley understood, the sentencing issues.

There is scant evidence to buttress Barnett's affidavit. That the government's files do not reflect that the government offered or intended to offer a plea agreement does not speak to the allegation that Barnett failed to seek a

---

[2] United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (quoting United States v. Conley, 349 F.3d 837, 839 (5th Cir. 2003)).

[3] United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990) (quoting § 2255).

[4] United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981).

[5] See, e.g., United States v. Ryan, No. 06-10224, 215 Fed. Appx. 331, 332 (5th Cir. Jan. 29, 2007) (unpublished opinion); United States v. Heckler, No. 04-10545, 165 Fed. Appx. 360, 362 (5th Cir. Feb. 03, 2006) (unpublished opinion); United States v. McBrayer, No. 04-60156, 111 Fed. Appx. 723, 724 (5th Cir. Sept. 30, 2004) (unpublished opinion); United States v. McMillen, No. 03-11051, 96 Fed. Appx. 219, 221 (5th Cir. Apr. 28, 2004) (unpublished opinion); United States v. Noble, No. 03-30209, 73 Fed. Appx. 669, 670 (5th Cir. Aug. 15, 2003) (unpublished opinion).

plea agreement. The prosecuting attorney's "impression" that "a plea of guilty was not a viable option being considered by Jolley" does support Barnett's affidavit;[6] however, that "impression" is a thin reed not tested in a hearing. We simply do not know how clearly he remembers the events and discussions creating that impression, or even what the bases of that impression are. Finally, there is no evidence to corroborate Barnett's claim that he correctly explained the maximum sentence and sentencing guidelines to Jolley. The discussions between Barnett and Jolley are not in the record, nor does the district court's opinion base its credibility findings on any personal observations of Barnett and Jolley. Accordingly, the district court should have held an evidentiary hearing.

The government argues that, regardless of Barnett's performance, Jolley failed to establish prejudice. Under Strickland, to establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7] We decline to address the issue of prejudice in the first instance. Answering whether there is a "reasonable probability" that Jolley was prejudiced turns on a series of hypothetical questions – the first of which is whether Jolley would have in fact pleaded guilty – that are best addressed initially by the district court after a fuller record is developed.[8] Of course, if the district court concludes there was no deficient performance on Barnett's part, it need not address whether there was prejudice.

We VACATE the judgment below and REMAND for further proceedings.

---

[6] Government-Appellee's Brief at 16.

[7] Strickland, 466 U.S. at 694.

[8] See Grammas, 376 F.3d at 438 (remanding to the district court to consider prejudice issue).